# Dilzer and Wife *versus* Beethoven Building Association.

1. The Act of April 10th 1879 (P. L. 16) has removed the disability of married women to become members of a building association.

2. Where a married woman had purchased stock in, and obtained a loan from, a building association prior to the passage of the Act of April 10th 1879, and subsequently thereto continued to pay monthly premiums on said loan, she cannot subsequently set up the disability which existed before the passage of the Act.

3. Wolbach *v.* Lehigh Building Association, 3 Norris 211, distinguished.

March 21st 1883.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ.   PAXSON and CLARK, JJ., absent.

ERROR to the Court of Common Pleas No. 4, of *Philadelphia county :* Of January Term 1883, No. 187.

Assumpsit, by Francis X. Dilzer and Maria, his wife, in right of said Maria, against the Beethoven Building Association, incorporated July 2d 1868, to recover certain sums of money, paid by said wife to the association.   The narr. was in the common counts, and the plaintiffs filed a bill of particulars setting out the sums paid between August 14th 1872, and October 13th 1880, and allowing certain credits, showing a balance due to Mrs. Dilzer of $374.18.

Pleas non assumpsit, set-off, payment with leave, &c.

[Dilzer *v.* Beethoven Building Association.]

The facts of the case were as follows :—The plaintiff, Maria Dilzer, wife of Francis X. Dilzer, purchased in 1872, ten shares of stock in the defendant association.  Subsequently, on October 31st 1872, the association loaned Mrs. Dilzer $2,000, taking as security a bond and mortgage, both executed by said husband and wife, on the separate property of the wife ; and a transfer, as collateral security, of the ten shares of stock purchased as aforesaid.

According to the plan of the association, Mrs. Dilzer made upon this loan monthly payments, amounting in all to the sum of $2,866.97, of which $1,020 was for dues as a member of the association, $879.97 was for premiums, and $967 was for interest on the loan.

It is provided by the by-laws of the Association, that " stockholders desiring to withdraw, shall, after having given thirty days' notice of their intention so to do, receive the amount of monthly dues paid by them including their interest of six per cent. per year." . . . . " Interest at the rate of six per cent. per annum shall be allowed on all cash payments made six months in advance."

In 1881, Mrs. Dilzer gave a written notice of her intention to withdraw from the association, and claim the benefits of the above recited sections.  She adduced no evidence, however, on the trial to bring her within their provisions.  The association refused to pay her anything, and she thereupon brought this suit claiming that, as the 4th and 6th sections of the Building Association Act of April 12th 1859, do not apply to married women, and as an association can recover against such borrowers non sui juris only the amount actually loaned and legal interest, she had overpaid the association the said sum of $374.18, which she sought to recover.

The court (ELCOCK, J.), instructed the jury to find a verdict for the defendant.  Verdict accordingly, for the defendant, and judgment thereon.  The plaintiffs thereupon took this writ of error, assigning for error the instruction of the court to find for the defendant.

*J. Fletcher Budd* (*Chas. Knittel* with him), for the plaintiffs in error.—It is clear that under the decision of Wolbach *v.* Lehigh Building Association, 3 Norris 211, Maria Dilzer, being a married woman, was liable to the association only for the amount of money actually borrowed by her, with legal interest.  She was not liable to pay either premiums or fines. She was therefore entitled to credit for money paid in as dues on stock, with interest thereon : North American Building Association *v.* Sutton. 11 Casey 465.  She can therefore recover all money paid by her, whether as dues or premiums, in excess

[Dilzer *v.* Beethoven Building Association.]

of the sum borrowed and legal interest, with interest on such usurious payments. It may be regarded as usury, and recovered by action ; or, what amounts to the same in effect, each successive payment of the premium or usury may be credited on account of the principal indebtedness : Philanthropic Building Association *v.* McKnight, 11 Casey 470. As usury it may be recovered back : Heath *v.* Page, 12 Wright 130. Usurious payments become payments on account of the principal debt : Campbell *v.* Sloan, 12 P. F. S. 481.

*Joseph M. Pile,* for the defendant in error.—A voluntary payment, such as this was, made with full knowledge of all the facts and without fraud on the part of the payee, cannot be recovered : Irvine *v.* Hanlin, 10 S. & R. 219 ; Espy *v.* Allison, 9 Watts 462 ; Boas *v.* Updegrove, 5 Barr 516 ; Appeal of During et al., 1 Harris 224 ; Natcher *v.* Natcher, 11 Wright 496 ; Deysher *v.* Triebel, 14 P. F. S. 383.

The plaintiffs in error claim, however, that the amount claimed is for usurious interest paid by Mrs. Dilzer, and that the defendants not having pleaded the Statute of Limitations must be deemed to have waived it. The vice of this position is that there is no count in the narr., for usurious interest and it has been held that where common counts are filed the plaintiffs are limited to the demand set out in the bill of particulars : Gilpin *v.* Howell, 5 Barr 53.

[Sterrett, J. What effect does the Act of 1879 have upon this case ?]

This contract was made before the passage of the Act, and it is, therefore, not applicable.

The opinion of the court was filed April 2d 1863.

Per Curiam. Wolbach *v.* Lehigh Building Association, 3 Norris 211, was decided under the Act of 12th April 1859. The disability imposed by that Act on married women to become members of a building association, is removed by the 7th section of the Act of 10th April 1879. While Mrs. Dilzer made the loan in 1872 yet she continued paying monthly installments for a year and a half after the passage of the latter Act. During all this time her coverture presented no barrier to her rights and liability, incident to membership.

The right of a stockholder on withdrawing from the association, to receive the monthly dues which he or she had paid, is subject by the constitution thereof to the provision that " the cash account will allow it." We find no evidence of there being any cash in the treasury when the plaintiff withdrew or that the cash account would allow its payment.

She had made the payments voluntarily. She continued her membership long after her legal disability was removed.

[Greiner's Appeal.]

She withdrew under circumstances showing no right to recover the sums paid. In her bill of particulars filed she made no averment of having paid usurious interest.

In view of the whole case there is no error in the conclusion at which the learned judge arrived.

Judgment affirmed.